### WALDRUM *v.* WILBANKS.

Opinion delivered May 31, 1926.

MUNICIPAL CORPORATIONS—INQUISITORIAL ORDINANCE.—A city has no authority to adopt an ordinance providing that the mayor or chief of police may summon any person before such officer to answer whether he knows of any violations of the criminal laws of the city and to impose a fine for refusal to answer the question.

Appeal from Greene Circuit Court; *W. W. Bandy,* Judge; affirmed.

*Jeff Bratton,* for appellant.

HUMPHREYS, J. Appellee filed a petition in the circuit court of Greene County for a writ of habeas corpus to obtain his liberty, alleging that he was unlawfully detained by appellant, the chief of police of the city of Paragould, under a judgment for contempt predicated upon §§ 283, 284 and 285 of Bandy's Digest of the Ordinances of the city of Paragould, which were unconstitutional and void. The ordinance referred to provided that the mayor or chief of police of said city might summon any person before such officer or court to answer whether he knew of any violations of the criminal laws of the city and to impose a fine upon him for a refusal to answer the question.

The response admitted that appellee was being held in custody by appellant pending the payment of a $25 fine imposed by the police judge of said city for a refusal to answer questions propounded to him by said officer as

to whether he knew of any violations of the ordinance of said city against gambling, but denied the invalidity of §§ 283, 284 and 285 of said digest, under which the fine was imposed.

The cause was submitted upon the pleadings and an agreed statement of facts, which resulted in a finding that the ordinance under which appellant had been fined was void, and a consequent judgment dismissing him from custody.

The agreed statement of facts showed that the city of Paragould had passed ordinances for the purpose of suppressing gambling, drunkenness, breaches of peace, and divers other misdemeanors, in accordance with authority vested in it by the Legislature, and also that appellant was summoned before the police judge to answer whether he knew of any violations of the ordinance of said city against gambling, and, upon his refusal to answer, was fined $25 and committed to the custody of the chief of police, to be confined in the county jail, which was also used as a city jail, until the fine was paid.

The sole question therefore presented by this appeal for determination is whether the city of Paragould had authority to pass an inquisitorial ordinance in aid of the enforcement of its ordinances against crime. We have examined the sections of Crawford & Moses' Digest conferring authority upon municipal corporations to adopt ordinances of various kinds, and find nothing in any of them conferring power to adopt ordinances of an inquisitorial nature, and nothing in the statutes from which such authority might be inferred. It is unnecessary to determine whether such power could be delegated to municipal corporations by the Legislature. That question is not before us, so we refrain from expressing any opinion upon that point.

No error appearing, the judgment is affirmed.